UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

MIRZA MATTHEW BAIG :
:
:
vs. : C. A. NO.:
:
: DEMAND FOR JURY TRIAL
NATIONAL RAILROAD PASSENGER :
CORPORATION d/b/a AMTRAK :

## COMPLAINT

### PARTIES AND JURISDICTION

1. Plaintiff Mirza Matthew Baig is a resident of the Town of West Warwick, in the State of Rhode Island.

2. Defendant National Railroad Passenger Corporation, d/b/a Amtrak (American Track) [hereinafter referred to as "Amtrak"] is a for profit corporation, chartered under the laws of the District of Columbia and has a principal place of business in the District of Columbia. Amtrak is authorized by Congress to engage in business in Rhode Island.

3. Amtrak was created by an Act of Congress, 49 U.S.C. §24101, *et seq*.

4. This Honorable Court has original jurisdiction over this lawsuit under the provisions of 28 U.S.C. §1331 and §1349.

5. The amount in controversy is sufficient to establish the jurisdiction of this Honorable Court, exclusive of interest and costs.

## COUNT I

## NEGLIGENCE OF NATIONAL RAILROAD PASSENGER CORPORATION d/b/a AMTRAK

1. On or about January 6, 2020, Defendant Amtrak, by and through its owners, agents, officers, members, servants and employees, owned, operated, occupied, maintained and controlled the Amtrak passenger train traveling in the area of MP 179 on the Northeast Corridor at or near the Pawtuxet River Railroad Bridge and Wellington Avenue located in Cranston, Rhode Island.

2. At all times herein mentioned, the aforesaid passenger train was owned, operated and controlled by Defendant National Railroad Passenger Corporation, d/b/a Amtrak.

3. At all relevant times, Plaintiff Mirza M. Baig was in the vicinity of the aforementioned Amtrak train and the tracks upon which it was traveling in the area of MP 179 on the Northeast Corridor at or near the Pawtuxet River Railroad Bridge and Wellington Avenue located in Cranston, Rhode Island.

4. At the aforementioned date and place, Defendant Amtrak, by and through its owners, agents, officers, members, servants and employees, owed a legal duty to the general public, including Plaintiff Mirza M. Baig, to exercise due and reasonable care to maintain and operate their passenger trains in a safe manner so as to prevent injury to persons on said premises.

5. At the aforementioned date and place, Defendant Amtrak, by and through its owners, agents, officers, members, servants and employees, owed a legal duty to persons on said premises, including Plaintiff Mirza M. Baig, to exercise due and reasonable care to maintain said premises and property surrounding and abutting Amtrak's tracks, tressels, bridges, equipment, and appurtenances in a safe manner so as to prevent injury to persons on said premises.

6. At the aforementioned date and place, Defendant Amtrak, by and through its owners, agents, officers, members, servants and employees, owed a legal duty to persons on said premises, including Plaintiff Mirza M. Baig, to exercise due and reasonable care to warn persons on said premises and property of the dangerous and hazardous conditions existing due to a high speed trains passing in the area so as to prevent injury to persons in that area.

7. At the aforementioned date and place, Defendant Amtrak, by and through its owners, agents, officers, members, servants and employees, owed a legal duty to persons on said premises, including Plaintiff Mirza M. Baig, to exercise due and reasonable care to construct and erect protective barriers and guards to the train tracks and high speed trains in order to prevent persons from gaining access and being exposed to the dangers and hazards associated with high speed traveling trains in the aforementioned area.

8. Nevertheless, at the aforementioned date and place, and at all times relevant hereto, Defendant Amtrak, by and through its owners, agents, officers, members, servants and employees, breached its legal duty of care owed to Plaintiff Mirza M. Baig

and was otherwise negligent in that Defendant Amtrak, by and through its agents, servants and employees, operated the passenger train in a negligent manner, failed to maintain and operate the Amtrak passenger train in a safe manner, and failed to prevent injury to persons on said premises in the vicinity of the high speed traveling trains.

9. At the aforementioned date and place, and at all times relevant hereto, Defendant Amtrak, by and through its owners, agents, officers, members, servants and employees, breached its legal duty of care owed to Plaintiff Mirza M. Baig and was otherwise negligent in that Defendant Amtrak, by and through its agents, servants and employees, failed to maintain said premises and property surrounding and abutting Amtrak's tracks, bridges, equipment, and appurtenances in a safe manner so as to prevent injury to persons on said premises in the vicinity of the high speed traveling trains.

10. At the aforementioned date and place, and at all times relevant hereto, Defendant Amtrak, by and through its owners, agents, officers, members, servants and employees, breached its legal duty of care owed to Plaintiff Mirza M. Baig and was otherwise negligent in that Defendant Amtrak, by and through its agents, servants and employees, failed to exercise due and reasonable care to warn, to alert and to provide notice to persons on said premises and property, including Plaintiff Mirza Matthew Baig, of the dangerous and hazardous conditions existing due to a high speed trains passing in the aforementioned area so as to prevent injury.

11. At the aforementioned date and place, and at all times relevant hereto, Defendant Amtrak, by and through its owners, agents, officers, members, servants and

employees, breached its legal duty of care owed to Plaintiff Mirza M. Baig and was otherwise negligent in that Defendant Amtrak, by and through its agents, servants and employees, failed to exercise due and reasonable care to construct and erect protective barriers, guards, and protective devices in the aforementioned vicinity of the train tracks and high speed trains so as to prevent persons, including Plaintiff Mirza Matthew Baig, from gaining access and being exposed to the dangers and hazards associated with high speed traveling trains.

12. Further, at the aforementioned date and place, and at all times relevant hereto, Defendant Amtrak, by and through its owners, agents, officers, members, servants and employees, breached its legal duty of care owed to Plaintiff Mirza M. Baig, by failing to take proper and reasonable precautions to prevent injuries to persons on the aforementioned premises and property.

13. As a direct and proximate result of the aforementioned negligence of the owners, agents, officers, members, servants and employees of Defendant Amtrak, Plaintiff Mirza M. Baig was severely and permanently injured, suffered and will in the future suffer great pain of body, nerves and nervous system, was rendered disabled and impaired, has suffered and will continue to suffer an inability to perform his daily activities, has been scarred and disfigured, has and will suffer a loss of earning potential due to said injuries, has become and will in the future become liable to pay large sums of money for his hospital and medical treatment, care and attention, and Plaintiff Mirza M. Baig otherwise was and is injured.

WHEREFORE, Plaintiff Mirza M. Baig demands judgment against Defendant National Railroad Passenger Corporation d/b/a Amtrak, and its owners, agents, officers, members, servants and employees, for compensatory damages, plus interest and costs.

## DEMAND FOR JURY TRIAL

Plaintiff Mirza Matthew Baig demands a trial by jury and designates Donna M. Di Donato as trial counsel.

PLAINTIFF

MIRZA MATTHEW BAIG

By his Attorneys,

/s/ Donna M. Di Donato
Donna M. Di Donato        Bar #3078
Decof, Barry, Mega & Quinn, P.C.
One Smith Hill
Providence, RI  02903
Tel. (401) 272-1110
Fax. (401) 351-6641
Email: dmd@decof.com

Dated:  March 23, 2021

Baig P001